IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACKBIRD TECH d/b/a BLACKBIRD TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>SHAPERS UNLIMITED, INC. d/b/a CLASSIC SHAPEWEAR,<br><br>Defendant. | Civil Action No. 14-1255-GMS |
| BLACKBIRD TECH d/b/a BLACKBIRD TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>MODA LATINA, LLC d/b/a LEONISA,<br><br>Defendant. | Civil Action No. 14-1258-GMS |
| BLACKBIRD TECH d/b/a BLACKBIRD TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>BLOOMINGDALE'S BY MAIL, LTD., BLOOMINGDALE'S, INC.<br><br>Defendants. | Civil Action No. 14-1259-GMS |

|   |   |   |
|---|---|---|
| BLACKBIRD TECH d/b/a BLACKBIRD TECHNOLOGIES, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-1261-GMS |
| SPANX, INC. | ) ) | |
| Defendant. | ) ) ) | |

## ORDER CONSTRUING THE TERMS OF U.S. PATENT NO. 7,081,036

After considering the submissions of the parties and hearing oral argument on the matter, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, as used in the asserted claims of U.S. Patent No. 7,081,036 ("the '036 patent"):

1. The term **"a pair of thigh encircling elastic bands"** is construed to mean "a pair of elastic bands that encircle the thighs."[1]

---

[1] The court finds that the language of this term is fairly straightforward, and the intrinsic record does not provide evidence that it should be given something other than its ordinary meaning.
   The defendants propose the construction, "strips of elastic below the side panels which encircle the upper thighs." The court rejects the defendants' construction for three reasons. First, the defendants argue that the "thigh encircling elastic bands" must be separate from the "side panels." In support, they point to Figures 1A and 1B as the only "forms" of the invention presented in the patent. The court finds that these figures are merely preferred embodiments, and do not limit the scope of the claims. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005) ("In particular, we have expressly rejected the contention that if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment."). Neither the claim language, the specification, nor the prosecution require the defendants' limited construction.
   Second, the context of the claim already makes it clear that the bands are "adapted to tightly fit the upper thighs of a wearer." Construing this term to encircle the upper thighs would be redundant. Third, the court notes that throughout the specification, the term "elastic" is used as an adjective, rather than a noun. *See* '036 patent at 1:43–45. The court thus construes this term consistently to mean bands made of fabric with elastic properties, rather than "strips of elastic" as proposed by the defendants.

2. The term **"lift bands"** is construed to mean "elastic bands for exerting upward force."[2]

3. The term **"attached"** is construed to mean "connected directly or indirectly."[3]

4. The term **"spiral up and out"** is construed to mean "wind upward over the hip of the wearer in an approximate spiraling manner."[4]

5. The term **"crotch strap"** is construed to have its plain and ordinary meaning.[5]

Dated: March 21, 2016

UNITED STATES DISTRICT JUDGE

---

[2] Both parties seem to agree that the purpose of "lift bands" is to lift the wearer's buttocks. (14-cv-1255-GMS, D.I. 38 at 8; D.I. 42 at 4); *see* '036 patent at 2:33–47. "Lift" is defined as "exerting upward force." (D.I. 47, Tab A at BBTECH_BL000425.) The defendants also correctly note that the specification invariably describes the lift bands as elastic, including in the "Summary of the Invention." '036 patent at 1:41–45, 2:25; *see also id.* at 2:33–35. More than a mere embodiment, the elastic nature of the lift bands is central to the invention. As the court noted in term 1, "elastic" in this context is an adjective. *See supra* note 1.

[3] The court agrees with the plaintiff that the plain meaning of "attached" includes indirect attachment. The inventors did not exhibit any intent to limit the ordinary scope of the term.

[4] Both parties cite to the same disclosure in the specification to support their construction: "Each lift band 14A, 14B extends outwardly and upwardly to a point of attachment 20 to the waistband 16, forwardly and on the hip of the wearer. Each lift band 14A, 14B wraps around beneath a buttock and winds upward over a hip of the wearer in an approximate spiraling manner." '036 patent at 2:29–33. This is the clearest description of "spiral up and out" as used in claim 1. Claim 1 describes how the lower end of each lift band is "attached at an inner thigh region" and the upper end is attached "at a hip location" on the waistband, and explains that the lift bands "wrap around beneath the buttocks of the wearer and spiral up and out to said waistband." '036 patent at 3:20–25. Comparing the claim language to the specification, the language most clearly tied to "spiral up and out" is "winds upward over a hip of the wearer in an approximate spiraling manner." The court finds that this construction is clear enough for a juror to understand. Therefore, the court takes its construction directly from the specification.

[5] "Crotch strap" is not a complicated technical term. The court finds a juror would understand the meaning of the term, both from the context of the patent and everyday life. The claims and specification indicate it is a piece of fabric that covers the crotch area, extending from the front to the rear of the waistband. Although the specification describes one embodiment whereby the crotch strap is secured to the waistband by "triangular fabric panels," '036 patent at 2:58–59, the court declines to import this example into the claim.