**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>SHAPERS UNLIMITED, INC. d/b/a CLASSIC SHAPEWEAR,<br><br>    Defendant. | C.A. No. 14-1255-GMS |
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>MODA LATINA, LLC d/b/a LEONISA,<br><br>    Defendant. | C.A. No. 14-1258 GMS |
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>BLOOMINGDALE'S BY MAIL, LTD. and BLOOMINGDALE'S, INC.,<br><br>    Defendants. | C.A. No. 14-1259-GMS |

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>SPANX, INC.,<br><br>    Defendant. | C.A. No. 14-1261-GMS |

**DEFENDANTS' MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT MOTION REGARDING INDEFINITENESS OF ASSERTED CLAIMS**

Defendants Shapers Unlimited, Inc. d/b/a Classic Shapewear, Moda Latina, LLC d/b/a Leonisa, Bloomingdale's by Mail, Ltd., Bloomingdale's, Inc., and Spanx, Inc. (collectively, "Defendants") respectfully submit this motion for leave to file a limited summary judgment motion regarding indefiniteness of the asserted claims of the patent-in-suit. For the reasons set forth below, Defendants respectfully request that their narrowly-tailored request be granted.

**I.    FACTUAL BACKGROUND**

The patent asserted in this case, U.S. Patent No. 7,081,036 ("the '036 Patent"), contains six claims, only one of which is independent. Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird") variously accuses Defendants of infringing claims 1, 3, 4, and 5 of the '036 Patent, which claims a "Buttock Lift Support." The '036 Patent is short, and it is not technical in nature; including the claims, it is less than three columns in length.

As previewed in their claim construction briefing, Defendants contend that five terms from the asserted claims are indefinite under 35 U.S.C. § 112 (D.I. 39[1] at 13-16; D.I. 42 at 8-10). Three of these terms – "tightly fit," "tightly engaged," and "significant lifting force" – are found

---

[1] All citations to the docket are from Case No. 1:14-cv-1255.

in independent claim 1. The other two terms which Defendants contend are indefinite, "substantial lift" and "still stiff enough," are found in dependent claim 4.

During the March 7, 2016 Markman hearing in this case, the Court declined to hear argument regarding indefiniteness, but indicated that the Court may be amenable to addressing such arguments in the future (*see* Markman Hearing Transcript at 4:21-22, 64:8-15). As discussed below, because Defendants' indefiniteness arguments are straightforward, case dispositive, and require no expert testimony, Defendants believe addressing these issues now has the potential to save the Court and the parties from expending significant resources in the future.

## II. ARGUMENT

Defendants understand that the Court's Scheduling Order states that letter briefs requesting permission to file summary judgment motions are to be filed on September 2, 2016 (D.I. 32 at 6). However, in light of the discussion during the Markman hearing in this case, Defendants believe that its request for leave to file an early, limited summary judgment motion at this time would be beneficial for several reasons.

***First***, the issue of indefiniteness is discrete and potentially case-dispositive. The one independent claim of the '036 Patent contains three terms that Defendants contend are indefinite (*see* D.I. 39 at 13-14). If any of these terms are found to be indefinite, all remaining claims of the '036 Patent – which are dependent claims – would likewise be invalid as indefinite. Deciding this case-dispositive issue at this stage in the case could conserve both the Court's and the parties' resources by obviating the need to engage in further fact or expert discovery, conduct summary judgment activities, and participate in a trial.

***Second***, expert discovery is not necessary to resolve this issue. As the Court commented at the Markman hearing in this matter, the '036 Patent is short (less than three columns), and

non-technical in nature. Thus, the Court will be able to determine whether the disputed terms are indefinite without the assistance of experts.

Further, as another judge in this District has commented, "a party cannot transform into a factual matter the internal coherence and context assessment of the patent simply by having an expert offer an opinion on it, the court assesses the indefiniteness of the claim language as a question of law." *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, 117 F. Supp. 3d 632, 641-42 (D. Del. 2015) (internal quotations omitted). Similarly, the Federal Circuit has stated that when it is clear from the intrinsic evidence that a claim term is indefinite, there is no need to rely on expert testimony or other extrinsic evidence when making an indefiniteness determination. *See Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1370 n. 6 (Fed. Cir. 2014). In this case, the intrinsic record is all that the Court needs to evaluate the indefiniteness issues.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant them leave to submit a summary judgment motion regarding indefiniteness at this stage of the litigation.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  | /s/ *John G. Day* |
|  | _____ |
|  | John G. Day (#2403) |
|  | Tiffany Geyer Lydon (#3950) |
|  | Andrew C. Mayo (#5227) |
|  | 500 Delaware Avenue, 8th Floor |
| *Of Counsel*: | P.O. Box 1150 |
|  | Wilmington, DE 19899 |
| Robert L. Lee | (302) 654-1888 |
| Holly Hawkins Saporito | jday@ashby-geddes.com |
| Lindsey Yeargin | tlydon@ashby-geddes.com |
| ALSTON & BIRD LLP | amayo@ashby-geddes.com |
| One Atlantic Center |  |
| 1201 West Peachtree Street | *Attorneys for Defendants* |
| Atlanta, GA  30309-3424 | *Spanx, Inc., Bloomingdale's, Inc., and* |
| (404) 881-7000 | *Bloomingdale's by Mail, Ltd.* |
|  |  |
|  | RICHARDS, LAYTON & FINGER, P.A. |
|  | /s/ *Arun J. Mohan* |
|  | _____ |
|  | Frederick L. Cottrell, III (#2555) |
|  | Arun J. Mohan (#6110) |
|  | One Rodney Square |
| *Of Counsel*: | 920 North King Street |
|  | Wilmington, DE 19801 |
| John M. Bowler | (302) 651-7700 |
| TROUTMAN SANDERS LLP | cottrell@rlf.com |
| Bank of America Plaza | mohan@rlf.com |
| 600 Peachtree Street NE, Suite 5200 |  |
| Atlanta, GA  30308-2216 | *Attorneys for Defendant* |
| (404) 885-3190 | *Moda Latina, LLC d/b/a Leonisa* |

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | /s/ *Michael J. Flynn* |
|  | _____ |
| *Of Counsel*: | Karen Jacobs (#2881) |
|  | Michael J. Flynn (#5333) |
| John M. Hintz | 1201 North Market Street |
| RIMON, P.C. | P.O. Box 1347 |
| 245 Park Avenue, 39th Floor | Wilmington, DE  19899 |
| New York, NY  10167 | (302) 658-9200 |
| (917) 633-4913 | kjacobs@mnat.com |
|  | mflynn@mnat.com |
| Dated:  April 25, 2016 | *Attorneys for Defendant Shapers Unlimited, Inc.* |